Case: 4:10-cv-00563-RWS   Doc. #: 147   Filed: 02/23/11   Page: 1 of 8 PageID #: 1736

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:10-cv-00563-RWS |
| ANALYTICS, INC., a Missouri corporation; | ) ) ) ) |
| CHEMIR ANALYTICAL SERVICES, LLC, a Missouri limited liability company; | ) ) ) ) **11-MC-0026** |
| AZOPHARMA CONTRACT PHARMACEUTICAL SERVICES, LLC, a Missouri limited liability company; | ) ) ) ) ) |
| ANICLIN PRECLINICAL SERVICES, LLC, a Missouri limited liability company; | ) ) ) ) |
| AVIVOCLIN CLINICAL SERVICES LLC, a Missouri limited liability company; and | ) ) ) ) |
| CAS-MI LABORATORIES, LLC, a Missouri limited liability company, | ) ) ) |
| Defendants. | ) ) |

## ORDER APPROVING SALE

Before the Court is the Receiver Morris-Anderson & Associates, Ltd's (the "Receiver") *Motion for Order Confirming the Sale of Certain Assets and the Assignment of Certain Unexpired Leases and Executory Contracts* (the "Sale Motion")[1], pursuant to which the

---

[1] All capitalized terms used herein and not otherwise defined shall have the respective meanings given to them in the Sale Motion.

Receiver seeks confirmation of the sale of substantially all of the assets owned by Analytics, Inc. ("Analytics"), Chemir Analytical Services, LLC ("Chemir"), CAS-MI Laboratories, LLC ("CAS-MI"), and the division of Azopharma Contract Pharmaceutical Services LLC that was formerly known as Cyanta Analytical Laboratories, Inc. ("Azopharma," and collectively with Analytics, Chemir and CAS-MI, the "Operating Companies").

The Operating Companies, or their predecessors in interest, were among a group of borrowers that entered into secured financing arrangements in the State of Missouri with Bank of America, N.A. (the "Bank"). The Bank filed suit in this Court on April 1, 2010, seeking the appointment of a receiver for certain assets of the Defendants. Pursuant to an Order of this Court dated April 9, 2010, as amended and restated by an Order dated May 3, 2010 (collectively the "Receivership Order"), the Receiver was appointed and authorized, among other things, to conduct an orderly sale of certain of the Operating Companies' assets, with the proceeds to be applied to pay the Defendants' obligations to the Bank and other creditors.

Acting upon its charge from this Court, the Receiver executed the EAG Agreement for the sale of certain of the Operating Companies' assets to EAG (the "Sale"). The specific assets to be sold and contracts to be assigned by the EAG Agreement are identified and described in Section 1.1 of the EAG Agreement and the related schedules (collectively, the "Sale Assets"). The sales transaction in the EAG Agreement was subject to certain higher and better potential qualified offers for the Sale Assets to be sought by the Receiver at public auction. The Bidding and Sale Procedures were approved by this Court on January 5, 2011, Docket # 113 (the "Procedures Order"). Public notice of the auction was published as directed by this Court starting on January 9, 2011, and the Receiver has complied with all other requirements of the Procedures Order. No party submitted a competing bid prior to the Pre-Qualification Deadline of 5:00 p.m. (Central) on February 9, 2011. As such, the Receiver determined that EAG's offer to purchase the Sale Assets is the highest and best offer. The parties are prepared to proceed to Closing the Sale and the Bank fully approves of the price and terms of the transaction. Accordingly, pursuant to the Sale Motion, the Receiver asked the Court to (i) Order and Approve

the Sale and the assignment of the Assigned Leases and Contracts, and (ii) Order the release of liens, claims and encumbrances from the Sale Assets and Order the attachment to the Sale Proceeds.

On February 17, 2011, Green Plant Farms, LLC ("Green Plant") filed an objection to the Sale Motion (Docket No. 126) (the "Green Plant Objection"). On February 18, 2011, the Receiver filed its reply to the Green Plant Objection (Docket No. 144) (the "Green Plant Reply"). Based on the representations made in the Green Plant Reply and at the hearing on the Sale Motion with respect to the past-due rental amounts to be paid at Closing by Receiver to Green Plant, the security deposit to be paid by EAG to Green Plant at Closing, and the dismissal, *with prejudice*, of Counts II, III, IV and V of the Petition filed by the Receiver and the Bank (the fraudulent transfer claims) in the Circuit Court of St. Louis County, Missouri, Case No. 10SL-CC02114, the Green Plant Objection is overruled.

On February 17, 2011, the Operating Companies, together with Avivoclin Clinical Services, LLC and Aniclin Preclincal Services, LLC (collectively, the "Defendants"), filed an objection to the Sale Confirmation Motion (Docket No. 127) (the "Defendants' Objection", and together with the Green Plant Objection, the "Objections"). On February 21, 2011, the Receiver filed its reply to the Defendants' Objection (Docket No. 145).

Following a hearing on the Sale Motion and the Objections, and having considered the arguments, evidence and materials submitted by all interested parties in connection with the Sale Motion and the Objections, and further having considered the complete record in this case and all matters about which this Court may and must take judicial notice,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court grants all requests in Sale Motion.

2. For the reasons set forth in this Order and as stated on the record at the hearing on the Sale Motion, each of the Objections to the Sale Motion is overruled. The Court finds that the EAG Agreement is fair, reasonable and in the best interests of the Operating Companies and the receivership estate. The Court also finds that the EAG Agreement is an arms-length transaction.

3

The Court, therefore, fully and finally approves the entry by the Receiver and the Operating Companies into the EAG Agreement, all of the transactions contemplated thereby, and the sale of the Sale Assets to EAG and its assigns.

3. This Court finds that it has jurisdiction and venue over this action, over all parties and objectors, and over the property affected by this Order, including without limitation, all of the Sale Assets wherever located, pursuant to 28 U.S.C. §§ 754 and 1332(a)(1). Furthermore, the Court shall maintain continuing, exclusive jurisdiction and venue to adjudicate all claims, issues or arguments raised by or on behalf of any party or objector relating in any way to the EAG Agreement, the Receivership Order, the Sale, the Sale Assets, the Procedures Order, or the Auction.

4. The Court retains exclusive jurisdiction to enforce this Order.

5. The Court finds that the public Auction notice and public Sale complied with the Procedures Order and 28 U.S.C. §§ 2001-2004 and that no Auction was necessary because no party submitted a competing bid prior to the Pre-Qualification Deadline. The Bidding and Sale Procedures were fair, reasonable, calculated to maximize the auction value of the Sale Assets and in the best interests of the Operating Companies and the receivership estate.

6. The Court also finds that EAG is a good faith purchaser for value and the amount of the price to be paid in the Sale is commercially reasonable.

7. The Court finds that the Receiver acted in good faith, exercised reasonable care and sound business judgment in the determination of the highest and best offer and in all other matters relating to the sale of the Sale Assets and has, throughout the marketing and sale process, exercised the care required of a fiduciary under similar circumstances.

8. The Court has reviewed the Sale Motion and the EAG Agreement and finds that the actions performed and to be performed under the EAG Agreement and this Order demonstrate the exercise of ordinary care as required by a fiduciary.

9. At the Closing of the Sale, EAG shall take all purchased Sale Assets in each case free and clear of all mortgages, security interests, conditional sale or other time-retention

agreements, pledges, liens, claims, interests, judgments, demands, liabilities, unrecorded easements, charges, encumbrances, defects, options, rights of first refusal, rights of reclamation, rights of redemption, and restrictions of any kind (collectively "<u>Interests</u>"). All such Interests shall, however, attach to the proceeds held by the Receiver from the disposition of the Sale Assets in the same priority, extent, and amount as such Interest enjoyed with respect to the Sale Assets. The Court finds this action is fair, reasonable and in compliance with 28 U.S.C. § 2002, the Receivership Order, the Procedures Order and due process.

10. The Receiver is directed to assign to EAG all of the Operating Companies' rights under any unexpired leases or transferable executory contracts included in the EAG Agreement as Sale Assets at the Closing.

11. The Court finds that the Receiver has properly assumed that certain Lease Agreement, dated July 1, 2009 (the "<u>Lease</u>"), by and between Green Plant Farms, LLC and CAS-MI Laboratories, LLC respecting certain real property located in Ypsilanti, Michigan and has properly exercised its right to assign the Lease to EAG in connection with the sale of the Sale Assets, and that any defaults thereunder shall be cured upon such assumption and assignment at the Closing and the satisfaction of the conditions agreed to by the Receiver, the Bank and EAG as set forth in the Green Plant Reply, as represented at the hearing on the Sale Motion, and as previously set forth herein.

12. The Receiver is authorized and directed to execute, deliver and record leases, deeds, titles and assignments transferring the Sale Assets and assigning the agreed upon contracts, along with any and all other documents reasonably required to promptly convey good title, unencumbered for those of Operating Companies' Sale Assets to be transferred to EAG under the EAG Agreement.

13. The Receiver is authorized and directed to release all keys, codes, cards and other security measures to Operating Companies' facilities and those certain Sale Assets to EAG upon Closing and EAG shall, upon Closing, be authorized to control access to Operating Companies' facilities.

14. Consistent with the Procedures Order and the EAG Agreement, the Closing of the Sale shall take place as provided in the EAG Agreement at a location agreed upon by the parties to the EAG Agreement, subject only to the conditions to closing in the EAG Agreement. No further order of this Court is required for the Receiver to consummate the transaction.

15. Proceeds of the Sale shall be paid to the Receiver to be administered pursuant to the terms of the Receivership Order.

16. The Bank shall execute and deliver to EAG any and all documents reasonably requested by EAG or the Receiver, to facilitate the conveyance of the Sale Assets from Operating Companies to EAG free of the Interests (as defined above). This may include but not be limited to UCC Termination Statements.

17. To the extent not previously served, within three (3) days after the entry of this Order (the "Mailing Date") or as soon thereafter as practicable, the Receiver shall serve the Sale Motion and a copy of this Order, by electronic mail or first-class mail, postage prepaid, upon (a) the parties to this case, (b) the guarantors of the Bank Loan Agreement, (c) the Bank, (d) all existing equity holders identified in the books and records of Operating Companies and (e) any person reasonably requested by EAG.

18. The Receiver shall file a Report of Sale within ten (10) days of the Closing.

19. Within ten (10) days after the entry of this Order, the Receiver shall file this Order in each U.S. District Court where the Sale Assets lie outside Missouri to comply with 28 U.S.C. §1692.

20. No additional notices shall be required except as required by further order of the Court.

21. This Order shall be binding on and inure to the benefit of EAG, the Receiver, the Defendants, the Bank, the objectors and all of the affiliates, successors and assigns of each.

22. The Court hereby approves the assignment and transfer by the Receiver to EAG of all of the Receiver's and Defendants' rights to enforce any confidentiality, secrecy, trade secret, non-solicitation of customers, prospective customers or employees or independent

contractors, no hire, no recruit, no pirating, noncompetition agreements and similar restrictive covenants or provisions in favor of any of the Operating Companies' or the Receiver from any third party, including, without limitation, any such agreements entered into in connection with the Auction process described herein and any such agreements entered into by any employee or former employee of the Operating Companies in favor of any of the Operating Companies and any such agreements entered into by any independent contractor or former independent contractor in favor of any of the Operating Companies.

23. Receiver is hereby authorized and directed to cause the Operating Companies to timely file all local, state and federal tax returns, including those that are contemplated or required by the EAG Agreement, and to execute and deliver all such returns in the name and on behalf of the Operating Companies. Receiver shall prepare and file the respective tax returns in a manner consistent with the allocation agreed upon in Section 1.5 of the EAG Agreement. Further, EAG shall timely file, and the Receiver shall cause the Operating Companies to timely file, in each case with its federal income tax return for the period that includes the date of the Closing, an appropriate IRS Form 8594 reflecting such allocation, if and to the extent required by the Code or the Treasury regulations thereunder. Further, Receiver shall cause to be timely paid, out of the Purchase Price deliverable by EAG pursuant to the EAG Agreement, all sales, use and similar taxes, if any, in connection with the purchase and sale of the Sale Assets. Finally, for a period of one (1) year after the Closing Date, EAG and the Receiver shall each provide the other with such assistance as reasonably may be requested by the other in connection with the transition of the Operating Companies' businesses and the preparation of any tax return, an audit or examination of any such return by any taxing authority or any judicial or administrative proceeding relating to liability for taxes and shall each retain and provide the other with any records or other information that may be relevant to such a return, audit, examination or proceeding.

24. The Court finds that there exists no just reason to delay entry of a final judgment as to the relief granted herein. As such, this Order shall constitute a final judgment as to the relief requested herein pursuant to Federal Rule of Civil Procedure 54(b).

25. The Receiver and EAG are entitled to take all actions authorized and directed by this Order immediately upon entry of this Order, notwithstanding the 14-day automatic stay provision of Federal Rule of Civil Procedure 62(a).

26. This Order shall constitute findings of fact and conclusions of law and shall take immediate effect upon entry.

Dated: February 23, 2011

_____
Hon. Rodney W. Sippel
United States District Judge